IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JASON STANFORD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00241-O-BP |
| | § | |
| **ENGLAND CARRIER SERVICES LLC,** | § | |
| *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This is a breach of contract case in which the Court sanctioned Plaintiff for violating Rule 11 of the Federal Rules of Civil Procedure. The Court found that Plaintiff knowingly filed a false and misleading document among the papers in this case. The Court further found that it should enter an order of sanctions against Plaintiff for committing this act and for failing to appear at the hearing today to show cause why an order of sanctions should not be entered against him.

The Court also notes that Plaintiff has filed numerous similar cases in state and federal court. ECF No. 20 at 2-4. Between December 7, 2023 and the present, Plaintiff has filed multiple cases in this Court based on similar facts, as well as a case against TBC Retail Group that appears to be based on different facts. *Stanford v. England Carrier Services LLC et al*. (4:24-cv-00241-O-BP; previously 3:24-cv-00521-E-BK) (the instant case); *Stanford v. King of Freight LLC et al.* (3:23-cv-02688-N-BT) (similar facts, voluntarily dismissed under Fed. R. Civ. P. 41(a)(2)); *Stanford v. Spencer Fane Limited Liability Partnership et al.* (3:24-cv-00443-E-BT) (similar facts, dismissed for lack of subject matter jurisdiction); *Stanford v. TBC Retail Group Inc. et al.* (4:24-cv-00010-O; previously 3:23-cv-02694-L-BN) (different facts).

In one of those cases ("Chief Judge Godbey's Case"), United States Magistrate Judge Rebecca Rutherford aptly described Plaintiff's numerous duplicative suits and "unnecessarily contentious and harassing" tone in his filings. ECF No. 58 (3:23-cv-02688-N-BT). Upon Judge Rutherford's recommendation, Chief United States District Judge David C. Godbey warned Mr. Stanford that "the Court may impose monetary sanctions and/or bar him from bringing any further civil action without payment of the filing fee if he files any additional lawsuits against Defendants which raise the same or essentially identical claims as those brought in this action." ECF No. 60 (3:23-cv-02688-N-BT).

Courts possess the inherent power to "protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). The undersigned can take judicial notice of Plaintiff's litigation record and the sanctions imposed on him in this same Court. Fed. R. Evid 201(b)(2) and (c)(1); *see Sparkman v. Charles v. Schwab & Co.*, 336 F. App'x 413, 415 (5th Cir. 2008). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *see also Stone*, 986 F.2d at 902.

As Judge Rutherford and Chief Judge Godbey issued the warnings summarized above after Plaintiff filed the instant suit, filing the instant suit does not violate these warnings. *Id.*; ECF No. 1 (4:24-cv-00241-O-BP). However, the undersigned reiterates these warnings, and further **RECOMMENDS** that Judge O'Connor declare Jason Stanford a vexatious litigant who is required to seek leave of Court before filing any additional lawsuits in the Northern District of Texas, due

to the number of cases he has recently filed and due to his apparent attempt to deceive the Court. *See Murray v. Serafino* (4:23-cv-00683-P-BJ) (ECF No. 24, at 6) (declaring a litigant vexatious after filing five frivolous suits in twenty months).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on July 23, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3