IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JASON STANFORD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00241-O-BP |
| | § | |
| **ENGLAND CARRIER SERVICES LLC,** | § | |
| *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Jason Stanford's Notice of Voluntary Dismissal Without Prejudice, filed on July 22, 2024. ECF No. 22; Fed. R. Civ. P. 41(a)(1)(A). After reviewing the Notice, Plaintiff's litigation history, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **WITH PREJUDICE**.

Federal Rule of Civil Procedure 41(a)(1)(B) provides, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice. But if plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

On March 5, 2024, Plaintiff Jason Stanford ("Mr. Stanford") voluntarily dismissed a federal court action against the same defendants (3:23-cv-02688-N-BT), explaining that he was dismissing the case "for refiling and correction of filing and clerical errors or the record." ECF No. 57 at 2. The undersigned refers to this other case as "Chief Judge Godbey's Case," since it was assigned to Chief United States District Judge David C. Godbey (with pretrial matters being referred to United States Magistrate Judge Rebecca Rutherford).

The Court liberally construes Mr. Stanford's pleadings, as he is proceeding *pro se*. *Estelle v. Gamble*, 429 U.S. 97, 106, (1976). In the instant case, Mr. Stanford's complaint alleges that because nFusion Capital Finance LLC, with whom Mr. Stanford had an agreement, delegated its contractual duties to the defendants related to England Carrier Services LLC ("the England defendants"), which did not provide all of the same services as nFusion (such as fuel advances and 24/7 invoice processing), the England defendants and others are in breach of contract and have violated a security agreement. ECF No. 3. In Chief Judge Godbey's Case, Mr. Stanford makes wide-ranging statements, among them that he objects to the assignment of his account from nFusion to the England defendants and that "England's agreement offers completely different terms and conditions than the breached Account Purchase and Security Agreement," ECF No. 3 at 20, 21. This is very similar to the central claim in the instant case.

Although the claims of breached agreements in Chief Judge Godbey's case appear to be mostly directed at nFusion rather than at the England defendants, Mr. Stanford does accuse the England defendants of breaching a contract and security agreement. *Id*. at 48.  Additionally, Mr. Stanford specifically alleges in both cases that England Carrier Services illegally withheld one or more $550 payments. ECF No. 3 at 35, 36 (3:23-cv-02688-N-BT); ECF No. 3 at 28 (4:24-cv-00241-O-BP).

Furthermore, Mr. Stanford seeks essentially the same damages in each case, also suggesting that the two cases include the same or overlapping claims. In the instant case, Mr. Stanford seeks $1050.00 in "[p]ayment owed for loads," $197,450.00 for "[r]eplacement of truck, trailers and equipment lost in repossession and forfeiture for nonpayment," $350,000 for "[l]oss of income and forecasted potential income," $124,390.00 in "loss of asset of bankruptcy protection," $300,000.00 for "[l]osses resulting from impact to personal and professional

reputation and credit," $250,000.00 in "[p]hysical and mental anguish and pain suffering resulting from medical illness," punitive damages in the amount of $750,000, as well as "valuation of loss of Business," attorney fees, and court costs. ECF No. 3 at 29-30. In short, in the instant case, Stanford requests damages of $1,972,890, plus the valuation of loss of business, attorney fees, and costs. *Id*. at 30. In Chief Judge Godbey's Case, Mr. Stanford seeks an estimated $1,822,890 for the exact same categories of damages. ECF No. 3 at 48-49.

Finally, Mr. Stanford moved to voluntarily dismiss Chief Judge Godbey's Case without prejudice on March 5, 2024, citing a desire to correct filing errors, and filed the instant case on the day before (March 4, 2024). This suggests that he intended the instant case as a cleaned-up version of Chief Judge Godbey's Case.

Accordingly, because Mr. Stanford previously dismissed a "federal- or state-court action based on or including the same claim" as claims in the instant suit, the "notice of dismissal operates as an adjudication on the merits," and Judge O'Connor should **DISMISS** this case with prejudice rather than without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on July 23, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE